IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA ELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-CV-1064-WKW |
| ) | |
| JACKSON NATIONAL LIFE ) | |
| INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Barbara Ellis's Motion for Temporary Restraining Order. (Doc. # 1.) For the reasons to follow, the motion is due to be granted and the temporary restraining order will be entered without notice to Defendant Jackson National Life Insurance Company.

**I. BACKGROUND**

On December 14, 2011, Plaintiff filed a Verified Complaint based upon diversity jurisdiction, *see* 28 U.S.C. § 1332(a). The Verified Complaint and attached exhibits establish that Plaintiff and John C. Ellis Jr. ("Mr. Ellis") at one time were married, but at the time of Mr. Ellis's death on October 21, 2011, were divorced. At the time of his death, Mr. Ellis had an insurance annuity policy ("policy") issued by Defendant. (Compl. ¶ 4.)

Previously, in April 2009, Mr. Ellis named Plaintiff as a beneficiary of the policy and designated her to receive 66 percent of the policy proceeds, which in total exceeds $1 million. (Compl. ¶ 5, Ex. 1.) Plaintiff's last communication with Mr. Ellis was on January 17, 2011, at which time Mr. Ellis confirmed to Plaintiff that she remained the primary beneficiary of his policy. (Compl. ¶ 6.) That was soon to change, however.

On March 11, 2011, two of Mr. Ellis's daughters, Janet Gordon and Elizabeth Hanson, filed a Complaint for Letters of Conservatorship in the Chancery Court of Harrison County, Mississippi. In that complaint, filed in the state where Mr. Ellis resided, the daughters alleged that, "due to his [then-]present mental and physical condition," Mr. Ellis was "incapable of caring for himself or managing his own affairs." (Compl. for Letters of Conservatorship, Ex. 3.) The complaint was supported by two statements from Mr. Ellis's physicians. On March 28, 2011, the Chancery Court of Harrison County declared Mr. Ellis physically and mentally incapable of caring for himself, and on April 20, 2011, the chancery court issued Ms. Gordon and Ms. Hanson Letters of Conservatorship. (Compl. ¶ 8.)

Approximately a month after Mr. Ellis's death, on November 17, 2011, Plaintiff forwarded Defendant a letter and attached a copy of the form making her a beneficiary of Mr. Ellis's policy. Defendant acknowledged receipt of her letter on

2

November 22, 2011. (Compl. ¶ 10.) By letter, dated December 6, 2011, and received by Plaintiff on December 12, 2011, however, Defendant informed Plaintiff that its "legal department ha[d] reviewed the file," and that Defendant would "pay the named beneficiaries, unless [it] receive[d] a court order to the contrary within ten days." (Compl., Ex. 8.)

Based upon the December 6, 2011 letter, Plaintiff called Defendant's claims department and learned that she was no longer a beneficiary on the policy. (Compl. ¶ 13.) On December 14, 2011, at 1:30 p.m., having been retained as counsel by Plaintiff on that same date, Jim L. DeBardelaben called Defendant and requested to speak with a representative in Defendant's legal department, but was told that he would have to fax a letter first and that there would be a minimum of a three-hour delay before he would know if a representative in the legal department would speak with him. (DeBardelaben Aff. 1.) Mr. DeBardelaben attests that, based upon time constraints and with the ten-day deadline quickly approaching, it is unlikely that he will be able to "resolve this matter before the funds are paid out." (DeBardelaben Aff. 1.) Because Defendant's letter is dated December 6, 2011, it appears that the ten-day period will expire on December 16, 2011, and that on that date, Defendant will disburse the proceeds of the policy to the third-party beneficiaries.

Plaintiff does not know when she was removed as a beneficiary or by whom. (Compl., Ex. A.) In this action, she alleges that the "removal of her as a beneficiary was made in an improper, wrongful and fraudulent manner and will cause her to suffer immediate, irreparable and permanent detriment and harm." (Compl. ¶ 14.) Plaintiff moves for a temporary restraining order "to prohibit Defendant from distributing the proceeds of" Mr. Ellis's policy "to any named beneficiary until a determination can be made as to who are the proper and legitimate beneficiar[ies] after an appropriate inquiry is conducted." (Compl. at 4.)

## II. STANDARD OF REVIEW

"A temporary restraining order protects against irreparable harm and preserves the status quo until a meaningful decision on the merits can be made." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1297 (11th Cir. 2005). A temporary restraining order may be issued without notice only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Additionally, the elements that apply to a motion for preliminary injunction also govern the issuance of a temporary restraining order. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

4

These four elements are "(1) a substantial likelihood of success on the merits, (2) a threat of irreparable injury, (3) that [movant's] own injury would outweigh the injury to the nonmovant, and (4) that the injunction would not disserve the public interest." *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999). The movant bears the burden of establishing entitlement to a temporary restraining order. *See Parker*, 275 F.3d at 1034.

### III.  DISCUSSION

As set out in its December 6, 2011 letter, Defendant has stated its intention to pay out the proceeds of Mr. Ellis's policy to third-party beneficiaries on December 16, 2011, absent a court order halting payment. Plaintiff seeks to maintain the status quo until she can ascertain the identity of those beneficiaries and whether Plaintiff is entitled to a portion of the proceeds of the policy.

On this unique record, a temporary restraining is warranted. Plaintiff has complied with the procedural requirements of Rule 65(b) for issuing a temporary restraining order without notice to Defendant. The complaint has been verified, and immediate and irreparable injury has been shown, as discussed below. Moreover, counsel for Plaintiff has certified his efforts to notify Defendant and has provided sufficient reasons why notice should not be required.

Plaintiff also has demonstrated the four elements required for temporary injunctive relief. First, Plaintiff has submitted a beneficiary form, which appears valid on its face and which demonstrates that she is a beneficiary of 66 percent of the policy proceeds. (Compl., Ex. 1.) If Plaintiff is able to prove that Mr. Ellis did not sign a form changing the beneficiaries and omitting her as a designated beneficiary or that he did so at a time when he was not mentally competent to do so, then Plaintiff has a substantial likelihood of success on the merits. Second, if a temporary restraining order is not entered, payment of the policy proceeds to third persons prior to an adjudication of Plaintiff's rights could render recovery of the policy proceeds difficult, if not impossible, should it ultimately be determined that Plaintiff is a proper beneficiary under the policy. Plaintiff has sufficiently demonstrated that this threat of injury is irreparable. The threat of injury also is imminent, as tomorrow is the date that Defendant has indicated it will pay the proceeds of the policy to the third-party beneficiaries. Third, the alleged injury to Plaintiff would outweigh any injury to Defendant, the non-movant, as this suit is in the nature of an interpleader action and Defendant appears to have little at stake in this proceeding. Fourth, the public interest will not be disserved by a temporary delay in the payment of the policy proceeds.

Generally, security is required when a temporary restraining order issues. *See* Fed. R. Civ. P. 65(c). This is not the typical case, however, in that, as stated, this action bears resemblance to an interpleader action. If Defendant elects to pay the proceeds into the court and go forward in the nature of an interpleader action, then posting security will not be required. Defendant will be given an opportunity to respond before the issue of security is resolved.

## IV. ORDER

Accordingly it is ORDERED that Plaintiff's Motion for Temporary Restraining Order (Doc. # 1) is GRANTED.

It is further ORDERED that Defendant, its officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Defendant are RESTRAINED from paying out the proceeds of the annuity policy at issue in this action.

It is further ORDERED that Defendant shall notify the court in writing on or before **December 22, 2011**, **at 9:00 a.m.**, whether it will pay the proceeds of the policy into the court.

It is further ORDERED that this temporary restraining order shall expire fourteen days from its date of entry unless on or before **December 27, 2011**, **at 9:00**

**a.m.**, good cause is shown by Plaintiff for a further extension or unless by that same date Defendant consents that it may be extended for a longer period.

It is further ORDERED that on or before **December 22, 2011**, **at 9:00 a.m.**, Defendant shall file a response to the motion for a preliminary injunction (Doc. # 1) and therein also address the issue of necessary and indispensable parties.

Plaintiff is DIRECTED to serve Defendant with a copy of this Order and to provide Defendant's facsimile number to the Clerk of the Court today.  Thereafter, the Clerk of the Court is DIRECTED to fax to Defendant a copy of this Order.

DONE this 15th day of December, 2011, at 12:36 p.m.

　　　　　　　　　　　　　　　　　　   /s/ W.  Keith Watkins   
　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE